KILGO v. CONTINENTAL CASUALTY COMPANY.

Dissenting opinion delivered February 2, 1920.

For majority opinion, see 140 Ark. 336.

McCULLOCH, C. J., (dissenting). It must be and is conceded that under the principles of law heretofore announced by this court appellant was not required, as a condition to the maintenance of this action to refund the money paid for the release. *St. L., I. M. & S. Ry. Co.* v. *Smith*, 82 Ark. 105.

The requirement that money paid for a release must be refunded and the requirment that suit to rescind be brought within a reasonable time go hand in hand, and where one is applicable the other is likewise, and for the same reason, applicable. The reason, as I understand it, is that where the contract of settlement and release is merely voidable on account of fraud the dissatisfied party must make his election within a reasonable time after discovery of the fraud, either to abide by the contract or to repudiate it and return the consideration received. The return, or offer to return, of the consideration constitutes the overt act of rescission and the suit to compel rescission can be begun at any time during the statutory period of limitations. It therefore seems clear to me that in all cases where the

circumstances are such that the consideration need not be returned as a prerequisite to a suit on the original cause of action, such suit may be instituted at any time within the statutory period of limitation and not necessarily within what may be found to be a reasonable time. This is so because the release contract is void, not merely voidable, and it does not change the time allowed by law for bringing suit. Neither formal repudiation of the release nor cancellation of it by judgment or decree of court is, under such circumstances, essential to the maintenance of suit on the original cause of action, which proceeds in disregard of the void release, the amount paid being treated as a credit on the sum due. I fail to comprehend the logic of this court's position in holding that, while repudiation or rescission of the release contract is not essential, action on the original claim must commence within a reasonable time.